**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MASTRONARDI MASON MATERIALS CO., and its successor and alter ego Queens Ready Mix, Inc., Respondents.**

No. 02–4222.

United States Court of Appeals, Second Circuit.

April 23, 2003.

Appeal from an order of the National Labor Relations Board (Peter J. Hurtgen, Chairman; Wilma B. Liebman, Member; Dennis P. Walsh, Member).

Luigi P. DeMaio, Crocco & DeMaio, PC, Mt. Kisco, NY, for Appellant.

Kathleen E. Lyon, Attorney (Julie B. Broido, Supervising Attorney; Arthur F. Rosenfeld, General Counsel; John E. Higgins, Jr., Deputy General Counsel; John H. Ferguson, Associate General Counsel; Aileen A. Armstrong, Deputy, Associate General Counsel; on the brief), National Labor Relations Board, Washington, DC, for Appellees.

PRESENT: KEARSE, CABRANES and STRAUB, Circuit Judges.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of April, two thousand and three.**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the National Labor

Relations Board petition to enforce its order issued against respondents be, and hereby is, **GRANTED.**

This is a petition of the National Labor Relations Board (the "Board") for enforcement of an order, entered December 18, 2001, in which it adopted the findings of Administrative Law Judge Steven Davis (the "ALJ") who found that Queens Ready Mix, Inc. ("QRM") was the alter ego and successor employer of Mastronardi Mason Materials Co. ("MMM"). *See Mastronardi Mason Materials Co.,* 336 N.L.R.B. No. 136, at *1, 2001 WL 1699614 (Dec. 18, 2001).

The following facts were found by the ALJ and adopted by the Board. Local 282, International Brotherhood of Teamsters, AFL–CIO ("Local 282"), filed an unfair labor practice charge with the Board. The Board issued a consolidated complaint against QRM and MMM, alleging that they had violated sections 8(a)(1), (2), (3) & (5) of the National Labor Relations Act ("NLRA"), as amended, 29 U.S.C. §§ 151, *et seq. See* 29 U.S.C. §§ 158(a)(1)—(3) & (5). The Board held that: (1) MMM improperly conditioned the reemployment of employees McCabe and Iadanza on their (a) withdrawal from union membership, (b) acceptance of nonunion terms and the conditions on those nonunion terms, (c) acceptance of other conditions of employment unilaterally imposed by QRM; and (2) QRM improperly refused to rehire them because the employees refused to renounce their Local 282 affiliation. The Board ordered QRM to reinstate the two employees and to pay them for the lost wages and benefits they suffered as a result of QRM's failure to rehire them, less any interim earnings of the employees, plus interest.

The ALJ held that QRM was the alter ego of MMM as a result of the ALJ's findings that QRM: (1) maintained the same management, (2) engaged in the same business purpose and operations, (3) did the same type of work, (4) operated from the same location using the same equipment, (5) had no hiatus in operations as a result of the change in name, (6) drew checks from the account of MMM, (7) maintained the same telephone number and (8) recorded deliveries on MMM invoices. *Id.* at *18. The ALJ found that "Mastronardi officials [made statements] ... prior to any negotiations between the company and the Union [Local 282, that][ ] clearly indicate that the closing of Mastronardi and the creation of QRM were motivated by a desire to evade the company's bargaining responsibility under the Act." *Id.* at *19.

After reviewing the totality of the circumstances to determine whether QRM was a successor employer to MMM, the ALJ concluded that QRM was a successor employer because of the "substantial continuity" between the two companies' operations. The ALJ found that QRM's refusal to hire McCabe and Iadanza was evidence of QRM's violation of section 8(a)(3) of the NLRA, where QRM unlawfully failed to rehire the employees because of their union affiliation. *Id.* at *20.

The ALJ rejected MMM's argument that a valid impasse was reached where only one negotiation session for fifteen minutes was held and MMM had indicated to its union employees that it had no intention of entering an agreement with Local 282 prior to that negotiation session. The ALJ found that MMM had bargained in bad faith and that "[t]he parties simply did not have an opportunity [ ] to explore their differences and engage in good faith bargaining with a serious intent to reach agreement." *Mastronardi Mason Materials Co.,* 336 N.L.R.B. No. 136, at *23–*24, 2001 WL 1699614.

The Board found that QRM violated the NLRA when it recognized Local 355, Service Employees International Union ("Local 355") as the employees' union, because MMM had not met the standard for withdrawal of recognition from an incumbent union –namely, that recognition be withdrawn "on the basis of a good-faith doubt of the union's continued majority status." *Id.* at *1 (citing *Celanese Corp.*, 95 N.L.R.B. No. 664, 1951 WL 9626 (1951)), *overruled on other grounds, Levitz*, 333 N.L.R.B. No. 105, at *2, 2001 WL 314139 (2001) (holding that for prospective cases, "an employer may unilaterally withdraw recognition from an incumbent union only where the union has actually lost the support of the majority of the bargaining unit employees."). The Board concluded that MMM had failed to establish sufficient support of a "good-faith uncertainty" for its refusal to negotiate with Local 282.

The Board concluded that QRM was the successor and alter ego of MMM, that neither could refuse to recognize Local 282, and that QRM was precluded from attempting to recognize a new union, Local 355. The Board held that QRM violated the NLRA and ordered QRM to reinstate Iadanza and McCabe, and to pay their lost earnings and other lost benefits they suffered as a result of respondents' failure to rehire them, less any interim earnings of the employees, plus interest. *Id.*

We review the Board's legal conclusions to ensure that they have a reasonable basis in law. *NLRB v. Caval Tool Division*, 262 F.3d 184, 188 (2d Cir.2001). We afford the Board "a degree of legal leeway," and we are "mindful that decisions based upon the Board's expertise should receive, pursuant to longstanding Supreme Court precedent, considerable deference." *Id.* (citations and internal quotation marks omitted). For factual findings of the Board, "we must determine whether the supporting evidence, even if not preponderating in this court's view, nevertheless provides a sufficient basis for the Board's decision." *Id.* (citation and internal quotation marks omitted).

Respondents oppose the Board's petition for enforcement of the order against them, arguing that (1) MMM reasonably declared a valid impasse and was entitled to unilaterally adopt its last contract offer; (2) Local 282 had insisted on adherence to the "most favored nations" clause, which constituted a bad faith refusal to bargain; (3) QRM is not the alter ego of MMM; (4) QRM did not discriminate against the Union employees of MMM; (4) QRM was permitted to recognize Local 355 as the Union for its employees; and (5) a six-year delay in enforcement is unreasonable and unduly burdens respondents.

The Board found that MMM and Local 282 did not reach a valid impasse because MMM had no intention of bargaining with Local 282 and the parties lacked "an opportunity to explore their differences and engage in good faith bargaining with a serious intent to reach agreement." *Mastronardi Mason Materials Co.*, 336 N.L.R.B. No. 136, at *23. The Board adopted the findings of the ALJ that "even before negotiations began ..., Respondents did not intend to reach agreement." *Id.* The Board held that MMM's bad faith in its negotiations with Local 282 was evident from "its announcement to employees Iadanza and McCabe even before negotiations began, that it intended to go 'non-union' and would not sign a contract with the Union." *Id.* at *24.

Local 282 representative LaBarbera offered MMM a collective-bargaining agreement, which had been negotiated with the Association of New York City Concrete Producers, Inc. (the "Association Agreement"), and included a "most favored nations" clause. *Id.* at *23–*24. The "most

favored nations" clause stated that if Local 282 granted to any Association employer terms or conditions of employment more favorable than those contained in the Association Agreement, all Association employers would have had the right to incorporate such more favorable terms or conditions into their agreements.

Respondents argue that Local 282 could not bargain in good faith because of the "most favored nations" clause in the Association Agreement. Although LaBarbera testified that no Association Agreement had ever been modified to include more favorable terms for an Association employer, *see id.* at *11, the Board credited his testimony that "he would consider a contract[ ] which was more favorable to Mastronardi than the Association contract." *Mastronardi,* 336 N.L.R.B. No. 136, at *22.

LaBarbera agreed to consider offering MMM more favorable terms than those in the Association Agreement if MMM could show that it was either a "small contractor" or that it was financially unable to accept the Association Agreement. *Id.* The Board found that MMM failed to provide Local 282 with (1) proof that it was a "small contractor" or (2) access to MMM's financial records in order to prove its financial inability to comply with the terms of the Association Agreement. *Id.* Instead, the Board held that MMM's actions contradicted its argument that respondents discharged their obligation to bargain in good faith and were thereby justified in implementing unilateral changes to the terms and conditions of employment.

The Board held that QRM, as the successor to MMM, was not entitled to recognize Local 355 as the union for its employees. The Board held that, at all relevant times, Local 282 was the "designated exclusive collective-bargaining representative of the employees of Queens Ready–Mix, Inc., and its predecessor Mastronardi Mason Materials Co. in the [ ] appropriate bargaining unit" for purposes of the NLRA. *Id.* at *26. We conclude that the findings of the ALJ, as adopted by the Board, are supported by substantial evidence in the record.

We have considered MMM and QRM's arguments and find them to be without merit. Accordingly, the Board's petition for enforcement is granted.